118 N.J. Super. 71 (1971)
286 A.2d 83
STEPHEN HORESTA, PLAINTIFF,
v.
ABBEY HORESTA, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 15, 1971.
*72 Mr. Albert L. Cohn for plaintiff (Messrs. Cohn & Lifland, Esqs. attorneys).
Mr. Vincent E. Hull for defendant (Messrs. Hull & Hull, Esqs. attorneys).
RUGGIERO, J.C.C. (temporarily assigned).
This matter is before me on motion by plaintiff husband, Stephen Horesta, against defendant wife, Abbey Horesta, for summary judgment on the following issues: (a) Conversion of a judgment of divorce from bed and board, granted the wife on July 24, 1959, into an absolute divorce, pursuant to N.J.S.A. 2A:34-3; (b) termination of weekly support and maintenance provided her under the judgment of divorce from bed and board granted her on July 24, 1959, and (c) restraint of her continued use of plaintiff's surname.
*73 The material facts are not in dispute. Plaintiff and defendant were married on April 6, 1940. A judgment of divorce from bed and board on the ground of desertion was entered in favor of the wife in this court (Docket M-3593-57R) on July 24, 1959. The judgment provided that plaintiff pay her a fixed sum weekly for her support and maintenance, which he continues to pay. Both parties have continued their residences in the State of New Jersey; they have not reconciled and have continued to live separate and apart since the entry of the judgment of divorce from bed and board on July 24, 1959.
The new Divorce Act, L. 1971, cc. 212 and 217. N.J.S.A. 2A:34-3, provides that "the granting of a bed and board divorce shall in no way prejudice either party from thereafter applying to the court for a conversion of said divorce to a divorce from the bonds of matrimony, which application shall be granted as a matter of right." (Emphasis supplied)
I conclude as follows:
1. Application for conversion of a divorce from bed and board to an absolute divorce under N.J.S.A. 2A:34-3 by way of motion for summary judgment is procedurally correct.
2. N.J.S.A. 2A:34-2 provides that "Divorce from the bond of matrimony may be adjudged for the following causes heretofore or hereafter arising. * * *" (Emphasis supplied)
N.J.S.A. 2A:34-3 is silent as to retroactivity and therefore does not, without interpretation of legislative intent, respond to whether a judgment of divorce from bed and board, entered prior to September 13, 1971, the effective date of the new Divorce Act, L. 1971, cc. 212 and 217, can be converted into a judgment of absolute divorce.
3. The provision for conversion of a divorce from bed and board pursuant to N.J.S.A. 2A:34-3 may be applied retrospectively to a judgment of divorce from bed and board granted prior to September 13, 1971, consistent with legislative intent. The legislature, by the September *74 13, 1971 amendment to the Divorce Act, provided the means to terminate all dead marriages and to that end did liberalize the existing grounds for divorce and added new grounds.
The existence of a judgment of divorce from bed and board is strong evidence that the marriage is dead, and any subsequent application for an absolute divorce removes any doubt of its reconcilability.
There is no legal impediment to the application of the conversion feature of N.J.S.A. 2A:34-3 retroactively to pre-September 13, 1971 divorces from bed and board.
The New York courts have treated with the issue of retrospectivity, in connection with § 170 of the New York Divorce Reform Law, McKinney's Consol. Laws, c. 14 (L. 1966, c. 254, effective September 1, 1967), which provides for the granting of a judgment of divorce in cases where couples have lived apart for two years after either of the parties was granted a separation judgment or decree or after the execution of a written separation agreement. The act does not state whether § 170 applies to separation judgments, decrees or agreements granted or executed prior to the effective date of the statute.
The leading New York case is Gleason v. Gleason, 26 N.Y.2d 28, 308 N.Y.S.2d 347, 256 N.E.2d 513 (Ct. App. 1970). Plaintiff husband, by complaint for divorce filed in 1968, alleged that he and his wife lived apart since a separation decree was granted her in 1954. Defendant wife moved to dismiss the complaint for failure to state a cause of action, contending that § 170 of the Divorce Reform Act of 1966 could not be applied retroactively. The court concluded that the provision of that act allowing for divorce of husband and wife who had lived apart for a period of two years after the granting of a separation judgment or decree, is to be applied retroactively and encompasses pre-1966 decrees, notwithstanding whether the innocent or guilty party seeks to convert separation into final divorce, and, as so applied, offends against neither due process, equal protection nor any constitutional provision.
*75 4. A judgment of absolute divorce granted upon application to convert a judgment of divorce from bed and board pursuant to N.J.S.A. 2A:34-3 must be granted on the same grounds as the prior divorce and in favor of the same party to whom the prior divorce was granted, and without regard to which of the parties has applied for the conversion, except if the ground for the bed and board divorce is separation (no fault) under N.J.S.A. 2A:34-2, subsec. (d), in which case it would not matter.
The conversion to absolute divorce under N.J.S.A. 2A:34-3 results from the operation of statute and judicial notice of the prior divorce proceedings. An applicant for conversion of a divorce from bed and board against whom such a divorce has been granted provides no statutory basis upon which an absolute divorce can be granted to him.
The fault concept in divorce cases has not been abandoned in New Jersey. As long as fault causes exist, the offended party in a divorce from bed and board for a fault cause is entitled to preserve the status of an offended party, and particularly so since N.J.S.A. 2A:34-23 provides that
* * * in all actions for divorce other than those where judgment is granted solely on the ground of separation the court may consider also the proofs made in establishing such grounds in determining an amount of alimony or maintenance that is fit, reasonable and just. * * *
The statute applies to original divorce judgments providing for alimony or maintenance and to subsequent orders modifying judgments or subsequent orders for alimony or maintenance.
Plaintiff's motion for summary judgment seeking conversion of the judgment of divorce from bed and board entered on July 24, 1959 is granted pursuant to N.J.S.A. 2A:34-3. The judgment of absolute divorce is granted defendant for the same cause (desertion) upon which the prior judgment of divorce from bed and board was granted her in an action between the parties in this court bearing Docket M-3593-57R. The judgment shall provide for the continuance *76 of the order made in the prior judgment for defendant's support and maintenance.
Plaintiff's motion for summary judgment to terminate payment of the weekly support and maintenance to defendant in accordance with the prior judgment is challenged, presents material factual issues and is not subject to adjudication summarily under R. 4:46-2. Motion denied.
Plaintiff's motion for summary judgment restraining defendant from continued use of husband's surname is before me in the form of an unsupported demand. The granting of such restraint is discretionary under N.J.S.A. 2A:34-21. Motion denied.
It is ordered that plaintiff pay defendant's attorney a counsel fee of $280, inclusive of costs.
An order for judgment will be entered accordingly.